Hoo v. Lynch

BIA
Nelson, IJ
A099 072 761

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand fifteen.

PRESENT:
RICHARD C. WESLEY,
PETER W. HALL,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

YUT CHIN HOO,
*Petitioner,*

v.                                          14-2325
                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Julie M.
                       Iversen, Senior Litigation Counsel;
                       Imran R. Zaidi, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yut Chin Hoo, a native and citizen of Malaysia, seeks review of a June 2, 2014, decision of the BIA affirming an August 20, 2013, decision of an Immigration Judge ("IJ") denying Hoo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yut Chin Hoo,* No. A099 072 761 (B.I.A. Jun. 2, 2014), *aff'g* No. A099 072 761 (Immig. Ct. N.Y. City Aug. 20, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). As Hoo failed to challenge the denial of CAT relief before the BIA and this Court, her CAT claim is waived. *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

Although Hoo challenges the agency's determination that her asylum application is time barred, we need not consider this claim because the agency also denied asylum and withholding of removal on the merits, and the latter is dispositive. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Hoo seeks relief based on her conversion to Christianity in the United States and belief that she will be persecuted if she returns to Malaysia because she is a missionary and the Malaysian government prohibits the conversion of Muslims. In the absence of past persecution, there is no presumption of future persecution. Hoo argues that she can demonstrate a well-founded fear by showing that Malaysia has a pattern or practice of persecuting those similarly situated to her. *See* 8 C.F.R. § 1208.13(b)(2)(iii).

The BIA has provided that "a 'pattern or practice' of persecution is one that is 'systemic, pervasive, or organized,'" and we have "deemed that standard 'a reasonable one' while at the same time seeking clarification from the BIA as to how the standard might be applied reliably." *Mufied v. Mukasey*, 508 F.3d 88, 92 (2d Cir. 2007) (quoting *In re A-M-*,

23 I. & N. Dec. 737 (BIA 2005). When the agency's determination that an individual has not established a pattern or practice of persecution is supported by background materials, the agency has provided a "sufficient basis" for its conclusion. *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).

Hoo primarily relies on the 2011 International Freedom Report for Malaysia in arguing that she can establish a pattern or practice of persecution of Christians who try to convert Muslims. Specifically, she argues that this report establishes that "Malaysian officials and the general populace have demonstrated that they will enforce the laws against apostasy and proselytization." In support, she notes that there was a raid on a Christian meeting on suspicion that the Christians were preaching to Muslims, and there was a rally of 5,000 Muslims who supported restrictions on the proselytization of Muslims. However, one raid on a Christian gathering and one Muslim rally do not establish persecution that is "systemic, pervasive, or organized." *Mufied*, 508 F.3d at 93. And the report does not discuss how Christians are treated if they attempt to convert Muslims. Thus, the BIA's determination that Hoo failed to show that there is a "pattern or practice of

4

persecution of Christian missionaries in Malaysia" is supported by the record. *Santoso*, 580 F.3d at 112.

Because Hoo has not met the standard for asylum, she cannot meet the standard for withholding of removal. *See, e.g., Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk